IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HERIBERTO MILLAN ISAAC
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 16-2286CCC
(Related Cr. 11-0557-01CCC)

**OPINION AND ORDER**

Before the Court is petitioner Heriberto Millán Isaac's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (**d.e. 1**) filed June 27, 2016; petitioner's Supplemental Motion (**d.e. 8**) file February 1, 2017; and the United States' Opposition (d.e. 10) filed May 5, 2017.

On January 24, 2012, petitioner plead guilty to Hobbs Act robbery, 18 U.S.C. § 1951, and possession of a firearm during and in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A) (d.e. 1). Petitioner now brings a § 2255 petition seeking relief on the basis that Hobbs Act robbery does not qualify as a "crime of violence" under Section 924(c).

A crime of violence is defined at 18 U.S.C. § 924(c):

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Because this definition is disjunctive, petitioner's argument must fail if Hobbs Act robbery qualifies as a crime of violence under either

Section 924(c)(3)(A), which is known as the "elements" clause, or Section 924(c)(3)(B), which is known as the "residual" clause. United States v. Davis, 139 S. Ct. 2319, 2324 (2019).

Petitioner first argues that Hobbs Act robbery does not qualify under the residual clause found in Section 924(c)(3)(B) because the clause is unconstitutionally vague. Since the petitioner's filing, the Supreme Court of the United States has indeed struck down Section 924(c)(3)(B) as unconstitutionally vague. Davis, 139 S. Ct. at 2336. Accordingly, petitioner is correct that Hobbs Act robbery cannot be qualified as a crime of violence under the residual clause found at Section 924(c)(3)(B).

Petitioner also argues that Hobbs Act robbery categorically fails to satisfy the "elements" clause found at Section 924(c)(3)(A). In United States v. Garcia-Ortiz, 904 F.3d 102 (1st Cir. 2018), the First Circuit held that: "because the offense of Hobbs Act robbery has as an element the use or threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a 'crime of violence' under section 924(c)'s force clause." Therefore, according to the law of the circuit, Hobbs Act robbery is a crime of violence under Section 924(c)(3)(A).

Finally, petitioner argues that aiding and abetting Hobbs Act robbery does not require violent force, and is therefore distinguishable from acting as the principal for the purposes of determining whether an offense is a crime of violence. The Garcia-Ortiz holding also rejects this argument: because 18 U.S.C. § 2 makes an aider and abettor "punishable as a principal", an aider

an abettor "is no different for purposes of the categorical approach than one who commits the substantive offense." 904 F.3d at 109.

For the aforementioned reasons, petitioner Heriberto Millán Isaac's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (**d.e. 1**) is DENIED.  Judgment shall be entered by separate order.

## CERTIFICATE OF APPEALABILITY

The Court hereby ORDERS that no certificate of appealability shall be issued as petitioner failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on January 23, 2020.

S/GUSTAVO A. GELPÍ
Chief United States District Judge